23-6269
Losada-Velin v. Bondi

BIA
Hom, IJ
A098 301 522

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-five.

PRESENT:
  **DENNIS JACOBS,**
  **GUIDO CALABRESI,**
  **RAYMOND J. LOHIER, JR.,**
      *Circuit Judges.*
_____

**OLGA LIVIA LOSADA-VELIN,**
      *Petitioner,*

  **v.**                                     **23-6269**
                                             **NAC**

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
      *Respondent.*
_____

**FOR PETITIONER:**          Christopher Worth, East Quogue, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Olga Livia Losada-Velin, a native and citizen of Ecuador and a citizen of Spain, seeks review of a March 7, 2023, decision of the BIA affirming a September 27, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Olga Livia Losada-Velin*, No. A 098 301 522 (B.I.A. Aug. 9, 2022), *aff'g* No. A 098 301 522 (Immig. Ct. N.Y. City Sept. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless

2

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

### I.     Asylum and Withholding of Removal

Substantial evidence supports the agency's denial of asylum and withholding of removal. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 591 n.25 (2d Cir. 2021) (reviewing nexus determination for substantial evidence). An applicant for asylum and withholding of removal has the burden to establish past persecution or that she a fear of future persecution, 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b), and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (the "one central reason" standard applies to both asylum and withholding of removal). An applicant must prove "a sufficiently strong nexus" between the suffered or feared harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted). An applicant "must provide *some* evidence . . . direct or circumstantial" to establish the persecutor's motive. *INS v.*

3

*Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Yuequing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

Losada-Velin claimed persecution on the basis of race, nationality, membership in a particular social group of immediate family members of her deceased father, and imputed political opinion. She asserted two instances of physical harm, but the agency did not err in concluding that those incidents were not tied to a protected ground. Losada-Velin contended that in 2016, she was raped by three indigenous men—while a heinous crime, there is insufficient evidence to link that assault to Losada-Velin's race, nationality, political opinion, or her family, as her attackers did not say anything implicating those grounds. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (harm resulting from "general crime conditions" does not constitute persecution on account of a protected ground); *see also Quituizaca*, 52 F.4th at 115 (concluding that "evidence established the greater probability that the gang was motivated to harm [petitioner] based on incentives presented to ordinary criminals" (quotation marks omitted)); *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to which of competing inferences to draw are entirely within the province of the trier of fact."). She also testified that her husband was involved in a motorcycle

4

crash in 2015 and inferred that it must have been on account of a protected ground because it occurred in an indigenous area, but she did not witness the accident or explain how she knew the motive behind it, nor did her husband testify or submit a corroborating statement. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Losada-Velin attempts to connect threatening phone calls from indigenous people to the above instances of harm, but there is simply nothing to link her 2016 assault or her husband's 2015 crash to the calls, which began in 2010. While she alleged that indigenous people yelled at her and her family as they drove through indigenous communities—telling them to leave because they did not belong in Ecuador—she did not allege facts tying those individuals to the assault or motorcycle accident. *Id.*; *cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). And even assuming that the threats were because of Losada-Velin's race and nationality, absent some connection to the instances of physical harm she and her family suffered, the threats alone would not be grounds

5

for asylum and withholding of removal.  *See KC v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) ("without aggravating factors that suggest imminence or extreme menace, unfulfilled threats are merely harassment and cannot qualify as past persecution").

Finally, the record does not support Losada-Velin's attempts to link the calls, assault, and crash to her father's political campaign or opinion.  Neither the callers nor the perpetrators of the assault and motorcycle crash said anything about her father's political activities or her relationship to her father.  *See Yueqing Zhang*, 426 F.3d at 545 (requiring that "applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief").  Nor does the timeline support her claim.  Losada-Velin's father lost a local municipal election in 2008, but the threatening calls did not begin until 2010, and the motorcycle crash and sexual assault were in 2015 and 2016 respectively.  Finally, her father was never threatened or harmed based on his political values or position, her argument that she was linked to his 2008 campaign is not supported by the record, and she testified that her siblings remain unharmed and unthreatened in other areas of Ecuador.

**II.    CAT**

Finally, as the Government points out, Losada-Velin has abandoned her CAT claim by failing to meaningfully challenge it. A CAT applicant has the burden to show that she would "more likely than not" be tortured and that the torture would be by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Losada-Velin's brief devotes a single sentence to her CAT claim, stating that "because [she] established that it is more likely than not that she will be tortured upon return to Ecuador, and that the Ecuadorian government will acquiesce to this violence, she has also met her burden to establish eligibility for relief under the [CAT]." Petitioner's Br. at 29. This circular and conclusory statement unconnected to facts or legal standards is insufficient to preserve her CAT claim for review. *See Yueqing Zhang*, 426 F.3d at 545 n.7 (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to" it).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7